IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E.K. WADE,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. C 06-04593 CRB

**MEMORANDUM AND ORDER RE: LEAVE TO FILE AMENDED COMPLAINT**

    Now pending before the Court is Plaintiff's motion for leave to file an amended complaint. For the reasons set forth below, the motion will be DENIED.

    Since December of 2001, E.K. Wade has filed twenty-four lawsuits in the Northern District of California.[1] Eight of these lawsuits pertain to problems he has experienced with

---

[1] See Wade v. Chao, No. 06-cv-5431-MJJ (N.D. Cal. filed Sept. 5, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 06-cv-4905-CRB (N.D. Cal. filed Aug. 15, 2006); Wade v. Chao, No. 06-cv-4829-MJJ (N.D. Cal. filed Aug. 10, 2006); Wade v. United States, No. 06-cv-4828-CRB (N.D. Cal. filed Aug. 10, 2006); Wade v. Am. Fed. of Gov't Employees, No. 06-cv-4751-MEJ (N.D. Cal. filed Aug. 7, 2006); Wade v. United States, No. 06-cv-4726-MJJ (N.D. Cal. filed Aug. 4, 2006); Wade v. Chao, No. 06-cv-4725-MJJ (N.D. Cal. filed Aug. 4, 2006); Wade v. United States, No. 06-cv-4704-WHA (N.D. Cal. filed Aug. 3, 2006); Wade v. United States, No. 06-cv-4593-CRB (N.D. Cal. filed July 28, 2006); Wade v. Lockyer, No. 06-cv-4431-MHP (N.D. Cal. filed July 20, 2006); Wade v. Chao, No. 06-cv-5431-MJJ (N.D. Cal. filed Sept. 5, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 06-cv-2925-CRB (N.D. Cal. filed May 1, 2006); Wade v. Chao, No. 06-cv-2610-MJJ (N.D. Cal. filed Apr. 18, 2006); Wade v. Soc. Sec. Admin., No. 06-cv-2596-SBA (N.D. Cal. filed Apr. 17, 2006); Wade v. Chao, No. 06-cv-2592-MJJ (N.D. Cal. filed Apr. 17, 2006); Wade v. United States, No. 06-cv-2346-CRB (N.D. Cal. filed Apr. 4, 2006); Wade v. Chao, No. 06-cv-2209-MJJ (N.D. Cal. filed Mar. 28, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 06-cv-1963-CRB (N.D. Cal. filed Mar. 15, 2006); Wade v. Chao, No. 06-cv-0710-MJJ (N.D. Cal. filed Feb. 1, 2006); Wade v. Chao, No. 06-cv-0693-MJJ (N.D. Cal. filed Jan. 31, 2006); Wade v. Gonzales, No. 06-

1  the Veterans Administration hospitals in Martinez and Walnut Creek, California.  All of
2  these lawsuits relate to three discrete episodes: (1) an incident in May of 2005 when Wade
3  received a prescription for a drug called Prednisone that caused internal bleeding; (2) an
4  incident in December of 2005 when the VA hospital in Walnut Creek refused to provide him
5  with mental health care services, ostensibly because Wade was covered under both a VA
6  health care plan and a private health care plan; or (3) another incident in December of 2005
7  when the VA hospital in Walnut Creek refused to fill a prescription for Prednisone for him.
8  These eight cases have been related for joint consideration by this Court.

This Court dismissed Case No. 05-4960, holding that Wade had failed to exhaust the administrative remedies available to him through the Veterans Administration.  The Court dismissed Case No. 05-5361 and Case No. 06-1963 for the same reason.

In the next case, the Court finally reached the merits of some of Wade's claims.  In Case No. 06-2925, Wade alleged that the Veterans Administration denied him medical treatment and refused him prescription benefits as an act of discrimination and retaliation. The Court concluded, however, that the federal statutes, regulations and constitutional provisions on which Wade based his lawsuit were insufficient to establish subject matter jurisdiction.  The Court noted that the only basis for a suit seeking damages against the Veterans Administration was the Federal Tort Claims Act, and that Wade had failed to identify any state-law basis for his claims.  Accordingly, the Court dismissed the complaint. The Court reached the same result in Case No. 06-4828.

Having dismissed five of the cases, three now remain before the Court.  In this case, Wade advances a claim for "infliction of emotional distress."  The government has filed both a motion to dismiss and a motion for summary judgment.  Wade has filed his own motion for

---

cv-0399-PJH (N.D. Cal. filed Jan. 20, 2006); <u>Wade v. Veterans Affairs N. Cal. Healthcare Sys.</u>, No. 05-cv-5361-CRB (N.D. Cal. filed Dec. 27, 2005); <u>Wade v. Chao</u>, No. 05-cv-5087-MJJ (N.D. Cal. filed Dec. 9, 2005); <u>Wade v. Soc. Sec. Admin.</u>, No. 05-cv-5086-SBA (N.D. Cal. filed Dec. 9, 2005); <u>Wade v. Veterans Affairs N. Cal. Healthcare Sys.</u>, No. 05-cv-4960-CRB (N.D. Cal. filed Dec. 1, 2005).

2

summary judgment as well. All three of these motions are now pending before the Court and are scheduled to be argued concurrently on May 11, 2007.

Recently, however, Plaintiff filed a motion for leave to amend his complaint. This amended complaint seeks to add two different causes of action: one for retaliation, and another for disability discrimination. These two causes of action invoke provisions of the federal constitution, federal statutes such as the Americans with Disabilities Act ("ADA"), various federal regulations relating to the Veterans Administration, as well as two provisions of state law that are directly analogous to the equal protection clause and the ADA. He seeks an award of damages. Wade asserts that he should be permitted to amend his complaint under Rule 15(a) because he "realizes that he has stated the incorrect causes of action."

The Court finds that permitting amendment of the complaint would be inappropriate. The federal rules state that leave to amend "shall be freely given when justice so requires," Fed R. Civ. P. 15(a), and the Court is well aware that special latitude must be afforded to *pro se* litigants such as the plaintiff in this case, see Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). Nonetheless, what Plaintiff requests here is to add two federal claims that have already been dismissed by the Court in prior proceedings--specifically, Case No. 06-2925 and Case No. 06-4828. In addition to being barred for the jurisdictional reasons stated in the Court's previous orders, the claims now presented in Wade's putative amended complaint are further barred by the doctrine of *res judicata*. Amending the complaint in such a fashion would be counterproductive to the resolution of this controversy, and for this reason, Wade's request for leave to file an amended complaint is hereby DENIED. The parties shall appear before the Court on May 7, 2007, for argument on the other three motions now pending.

**IT IS SO ORDERED.**

Dated: May 3, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE