IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.K. WADE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant.<br>_____ / | No. C 06-04593 CRB<br><br>**ORDER** |

    Since December of 2005, E.K. Wade has filed twenty-four lawsuits in the Northern District of California.[1] Eight of these lawsuits relate to problems he has experienced at

---

[1] See Wade v. Chao, No. 06-cv-5431-MJJ (N.D. Cal. filed Sept. 5, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 06-cv-4905-CRB (N.D. Cal. filed Aug. 15, 2006); Wade v. Chao, No. 06-cv-4829-MJJ (N.D. Cal. filed Aug. 10, 2006); Wade v. United States, No. 06-cv-4828-CRB (N.D. Cal. filed Aug. 10, 2006); Wade v. Am. Fed. of Gov't Employees, No. 06-cv-4751-MEJ (N.D. Cal. filed Aug. 7, 2006); Wade v. United States, No. 06-cv-4726-MJJ (N.D. Cal. filed Aug. 4, 2006); Wade v. Chao, No. 06-cv-4725-MJJ (N.D. Cal. filed Aug. 4, 2006); Wade v. United States, No. 06-cv-4704-WHA (N.D. Cal. filed Aug. 3, 2006); Wade v. United States, No. 06-cv-4593-CRB (N.D. Cal. filed July 28, 2006); Wade v. Lockyer, No. 06-cv-4431-MHP (N.D. Cal. filed July 20, 2006); Wade v. Chao, No. 06-cv-5431-MJJ (N.D. Cal. filed Sept. 5, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 06-cv-2925-CRB (N.D. Cal. filed May 1, 2006); Wade v. Chao, No. 06-cv-2610-MJJ (N.D. Cal. filed Apr. 18, 2006); Wade v. Soc. Sec. Admin., No. 06-cv-2596-SBA (N.D. Cal. filed Apr. 17, 2006); Wade v. Chao, No. 06-cv-2592-MJJ (N.D. Cal. filed Apr. 17, 2006); Wade v. United States, No. 06-cv-2346-CRB (N.D. Cal. filed Apr. 4, 2006); Wade v. Chao, No. 06-cv-2209-MJJ (N.D. Cal. filed Mar. 28, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 06-cv-1963-CRB (N.D. Cal. filed Mar. 15, 2006); Wade v. Chao, No. 06-cv-0710-MJJ (N.D. Cal. filed Feb. 1, 2006); Wade v. Chao, No. 06-cv-0693-MJJ (N.D. Cal. filed Jan. 31, 2006); Wade v. Gonzales, No. 06-cv-0399-PJH (N.D. Cal. filed Jan. 20, 2006); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 05-cv-5361-CRB (N.D. Cal. filed Dec. 27, 2005); Wade v. Chao, No. 05-cv-5087-MJJ

1  Veterans Administration hospitals in Martinez and Walnut Creek, California.  These eight
2  lawsuits variously relate to three discrete episodes: (1) an incident in May of 2005 when
3  Wade received a prescription for a drug called Prednisone that apparently caused him
4  internal bleeding; (2) an incident in December of 2005 when the VA hospital in Walnut
5  Creek refused to provide him with mental health care services, ostensibly because Wade was
6  covered under both a VA health care plan and a private health care plan; or (3) another
7  incident in December of 2005 when the VA hospital in Walnut Creek refused to fill a
8  prescription for Prednisone for him.  These eight "hospital cases" were related for collective
9  consideration by this Court.

10  This Court previously dismissed three of the cases (Case Nos. 05-4960, 05-5361, and
11  06-1963) on the ground that Wade had failed to exhaust the administrative remedies
12  available to him through the Veterans Administration.  The Court previously dismissed three
13  different cases (Case Nos. 06-2925, 06-4828, and 06-4905) for lack of subject matter
14  jurisdiction.  In those cases, the Court found that the federal government was immune from
15  Wade's attempt to recover damages based on alleged violations of federal law.  The Court
16  noted that the only basis for a suit seeking damages against the government was the Federal
17  Tort Claims Act, and that Wade had failed to identify any state-law basis for his claims.

18  Now pending before the Court are three motions relating to Case No. 06-4593, which
19  asserts a claim for "negligent infliction of emotional distress."  The first is Defendant's
20  motion to dismiss.  The second is Defendant's motion for summary judgment.  The third is
21  Plaintiff's motion for summary judgment.

22  In the motion to dismiss, the government argues that the case should be dismissed
23  because, once again, Plaintiff attempts to invoke federal regulations and statutes in support of
24  his claim for damages against the federal government.  Plaintiff's complaint, however, does
25  not rest on a federal claim.  Rather, it rests on a state law tort claim for negligent infliction of

---

(N.D. Cal. filed Dec. 9, 2005); Wade v. Soc. Sec. Admin., No. 05-cv-5086-SBA (N.D. Cal. filed Dec. 9, 2005); Wade v. Veterans Affairs N. Cal. Healthcare Sys., No. 05-cv-4960-CRB (N.D. Cal. filed Dec. 1, 2005).

2

1 emotional distress. The only mention of federal regulations or statutes appears in Plaintiff's
2 brief in opposition to the government's motion for summary judgment. The complaint,
3 however, does not mention federal law and does not purport to invoke it in support of a cause
4 of action. In the Court's view, then, Plaintiff's references to federal law in his brief do not
5 transform Plaintiff's tort claim under California law into a federal claim. Therefore, the
6 Court finds that it has jurisdiction to adjudicate the California tort claim, consistent with the
7 federal government's waiver of immunity under the Federal Tort Claims Act, 28 U.S.C. §
8 2674. Accordingly, the government's motion to dismiss is DENIED.

9 As to the parties' cross-motions for summary judgment, the Court has reviewed the
10 evidence and declarations submitted by the parties. The real parties in interest in this action
11 are Dr. Robert Douglas, who refused to provide Plaintiff with mental health counseling on or
12 about December 15, 2005, and Dr. David Chapman, who refused to fill Plaintiff's
13 prescription for Prednisone on or about December 20, 2005. Plaintiff claims that these
14 actions by Dr. Douglas and Chapman caused him great emotional distress, for which he
15 entitled to compensation.

16 A claim for "negligent infliction of emotional distress" is not an independent tort, but
17 rather a species of a claim for negligence, *i.e.* for the breach of a duty owed to the plaintiff
18 that results in his suffering emotional distress. Burgess v. Superior Court, 2 Cal.4th 1064,
19 1072 (1992). Thus, to prevail on his claim for "negligent infliction of emotional distress," as
20 with any other claim for negligence, a plaintiff must demonstrate the "traditional elements of
21 duty, breach of duty, causation, and damages." Id. (quoting Marlene F. v. Affiliated
22 Psychiatric Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989)). Under California law, in the
23 context of a claim against medical professionals, a claim for negligence must be established
24 through the use of expert testimony that a doctor or physician has breached the applicable
25 standard of care. Sinz v. Owens, 33 Cal.2d 749, 753 (1949) ("[T]he standard of care against
26 which the acts of a physician are to be measured is a matter peculiarly within the knowledge
27 of experts; it presents the basic issue in a malpractice action *and can only be proved by their*
28 *testimony*." (emphasis added)).

3

1    Here the government has come forward with evidence that neither Dr. Douglas nor
2 Dr. Chapman breached their duty of care to Plaintiff.  As to Dr. Douglas, his decision to deny
3 mental health counseling was due to the fact that concurrent treatment would risk subjecting
4 Plaintiff to conflicting or inconsistent treatment regimes.  Indeed, according to the
5 government's evidence, it would potentially have been a breach of care to *provide* such
6 treatment.  As to Dr. Chapman, his decision to refuse Plaintiff's prescription for Prednisone
7 was due to the fact that Plaintiff had recently experienced internal bleeding as a result of that
8 drug.  Because he was not the prescribing doctor, Dr. Chapman did not feel comfortable
9 filling the prescription under those circumstances.  The government's evidence is that such a
10 decision was well within Dr. Chapman's discretion, and not a violation of any duty owed to
11 Plaintiff.  The government has thus set forth evidence that, if uncontradicted, would entitle it
12 to a directed verdict on an essential element of Plaintiff's negligence claim.  Nissan Fire &
13 Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

14    In opposition, Plaintiff has provided no evidence that Dr. Douglas or Dr. Chapman
15 breached a standard of care.  Indeed, even after the government alerted Plaintiff to the fact
16 that expert testimony was required to make such a showing, and after the Court granted leave
17 for Plaintiff to make additional submissions regarding the standard of care, Plaintiff has
18 produced only a letter from his physician indicating that he subsequently sought mental
19 health treatment after his encounters with Dr. Douglas and Dr. Chapman.  Such evidence
20 may well be relevant to the damages that Plaintiff may have suffered as a result of the
21 incident, but it does not establish that any duty of care was breached.  Accordingly,
22 Plaintiff's evidence is insufficient, as a matter of law, to create a genuine dispute as to
23 whether such a breach of care occurred.  For this reason, Plaintiff's motion for summary
24 judgment is DENIED, and Defendant's motion for summary judgment is GRANTED.

25    Finally, the Court notes that Plaintiff recently filed two motions in this case that would
26 have dramatically altered the course of these proceedings.  The first motion was for leave to
27 amend the complaint; in this motion, Plaintiff sought to substitute federal claims for the
28 negligence claim he originally advanced.  The Court denied leave, noting that such federal

4

causes of action could not be pursued due to the government's immunity from damages claims, as the Court had previously held in three other related cases. Then, a week before the hearing on the cross-motions for summary judgment, Defendant filed a motion to dismiss the complaint *without prejudice*. That motion is hereby DENIED. Having filed eight lawsuits related to the same three underlying incidents, having had three of those actions dismissed already on jurisdictional grounds, and having placed the burden on the government to defend itself in this action against a particular claim of negligence, the Court finds it inappropriate to dismiss the action without prejudice. The law rightfully grants an enormous amount of leeway to *pro se* plaintiffs, especially when they are not well versed in the intricacies of sovereign immunity or pleading practice. What it does not permit is for a plaintiff to refile case after case whenever an obstacle arises to a particular claim. A litigation strategy of trial-and-error is unfair to the defendant, who is entitled to a final adjudication of the controversy, however genuine a plaintiff's grievance may be.

      For these reasons, Plaintiff's motion to dismiss the complaint without prejudice is DENIED; Defendant's motion to dismiss is DENIED; Plaintiff's motion for summary judgment is DENIED; and Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: May 11, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE